[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Dennis Sergent was indicted on eight counts of forcible rape of a child under age thirteen. Pursuant to plea negotiations, the State dismissed six counts and Sergent entered pleas of guilty to two counts from which the State deleted the force element, for which he received concurrent sentences of four years. The trial court also determined that Sergent was a sexual predator. On appeal, Sergent asserts the following assignment of error:
 SECTION 2950.09 OF THE OHIO REVISED CODE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 9, OF THE OHIO CONSTITUTION BECAUSE IT SETS THE FRAMEWORK FOR PREEMPTIVE ACTION AGAINST THOSE "PREDISPOSED" TO CRIME.
Sergent does not claim that the trial court erred in finding him to be a sexual predator, but that its having done so is cruel and unusual punishment.
In State v. Condron (Mar. 27, 1988), Montgomery App. No. 16430, unreported, this court determined that the registration and notification provisions of the sexual predator legislation cannot be characterized as punishment so that the legislation does not amount to cruel and unusual punishment. The Supreme Court of Ohio came to this same conclusion in State v. Cook (1998), 83 Ohio St.3d 404,417, 423.
On the basis of the foregoing authorities, we overrule the assignment of error.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Andrew T. French
David J. Fierst
Hon. Barbara P. Gorman